**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Karon, et al., | No. CV-20-01522-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Safeco Insurance Company of America, | |
| Defendant. | |

Pending before the Court is Defendant's Motion for Attorney Fees (Doc. 47).[1] Plaintiffs have filed a Response in Opposition (Doc. 48), and Defendant has filed a Reply (Doc. 51). For the following reasons, Defendant's Motion is denied.

**I.    Background**

This matter arose from an insurance coverage dispute. As detailed in the Court's prior Order granting Defendant's Motion for Summary Judgment, Plaintiffs learned that their winter home in Arizona had suffered water damage from a leak when their water bill from September to October of 2019 indicated 32,000 gallons of water use. (Doc. 41 at 2). Defendant, their insurer, denied coverage for the damage. (*Id.*)

Plaintiffs' insurance policy did not cover "continuous or repeated seepage or leakage of water . . . which occurs over a period of weeks, months or years." (Doc. 18-3 at 14–16). The interpretation of this phrase was the central legal issue to this matter.

---

[1] Defendant requested oral argument on this matter. The Court finds the issues have been fully briefed and oral argument will not aid the Court's decision. Therefore, the Court denies Defendant's request. *See* Fed. R. Civ. P. 78(b) (court may decide motions without oral hearings); LRCiv 7.2(f) (same).

Plaintiffs argued Defendant was liable for damage that occurred within the first two weeks of the leak because the policy did not cover damage that occurred *after* a period of two or more weeks, but not before. They cited to caselaw from the Tenth Circuit Court of Appeals and the Florida District Court of Appeals, to support their position. (Doc. 41 at 6–7) (citing *Wheeler v. Allstate Ins. Co.*, 687 F. App'x 757, 766 (10th Cir. 2017); *Hicks v. Am. Integrity Ins. Co. of Fla.*, 241 So. 3d 925, 927 (Fla. Dist. Ct. App. 2018)). Defendants argued that coverage must be interpreted so that the entire period of water damage was excluded from coverage. (Doc. 41 at 8). They cited to an Arizona Superior Court Under Advisement Ruling for support. (Doc. 41 at 8) (citing *Henderson v. Liberty Mut. Ins.*, CV 2016-013516). *Henderson* interpreted similar policy language and found it unambiguously precluded coverage for damage occurring within the first thirteen days. (*Id.*)

Ultimately, in agreement with *Henderson*, the Court found that the insurance policy "unambiguously precludes coverage for damage occurring over a period of weeks, including damage occurring within the first 13 days." (*Id.*) In making this decision, the Court recognized that "neither the Arizona Supreme Court nor the appellate courts have" been presented with this question of contract interpretation. (*Id.*)

**II.     Discussion**

A party seeking attorney fees and costs must show it is eligible and entitled to an award and that the amount sought is reasonable. LRCiv 54.2(c). Defendant argues it is eligible for an award of attorney fees under A.R.S. § 12-341.01(A) in the amount of $35,958.00. (Doc. 47 at 2). "In any contested action arising out of contract . . . the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A). This award "should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense." *Id.* at § 12-341.01(B). Although Plaintiffs do not contest that Defendant is eligible, Plaintiffs argue Defendant is not entitled to this statutory award. (Doc. 48 at 3).

Courts have broad discretion when determining whether to award fees under § 12-341.01(A). *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985)

(en banc).  Arizona courts typically consider the following six factors: whether the unsuccessful party had a meritorious claim, whether the legal question presented was novel, whether litigation could have been avoided such that the successful party's efforts were superfluous, whether fees against the unsuccessful party would result in extreme hardship, whether the successful party prevailed in all respects, and whether an award would discourage parties with tenable claims from litigating legitimate contract issues out of fear of incurring attorney fees.  *Id.*  The Court will address each factor in turn.

### a. Merits & Novelty of Plaintiffs' Claim

Here, the merits of Plaintiffs' claim and its novelty are related, and so the Court addresses these factors together.  Although the Court concluded that the insurance policy unambiguously did not cover any of the water damage Plaintiffs suffered, Plaintiffs' claim was not without merit because it is a somewhat novel question in Arizona.  As the Court recognized in its prior Order, no appellate court in Arizona has interpreted the language present in this dispute. (Doc. 41 at 8).  Given the lack of binding authority and the differing interpretive approaches seen in other states and federal judicial districts, the Court finds that this was both a meritorious and a novel claim.

### b. Avoidance of Litigation

The parties agree that litigation in this matter could not have been avoided. (Docs. 47 at 4; 48 at 4).  Although Defendant makes the unsupported argument that unavoidable litigation weighs in favor of granting its fee request, the Court finds otherwise.  If litigation was unavoidable, then Defendant's efforts were not superfluous in achieving the final result.  *See Warner*, 694 P.2d at 1184.  This factor, therefore, does not support an award of fees.

### c. Possibility of Extreme Hardship

Defendant argues there is no evidence Plaintiffs would suffer an extreme hardship if they were required to pay an award. (Doc. 47 at 4).  Plaintiffs argue that, in addition to the "approximately $251,000" to repair their home, an additional award of $35,958.00 would be an "undue" burden on them, "causing considerable financial hardship . . . ." (Doc.

48 at 4). Plaintiffs themselves stop short of calling an award of fees an *extreme* hardship. This factor, therefore, weighs slightly in favor of granting Defendant's request for fees.

### d. Whether Defendant Prevailed Completely

Plaintiffs concede that Defendant prevailed with respect to its Motion for Summary Judgment. (Doc. 48 at 4). Therefore, Defendant has prevailed with regard to all relief sought.

### e. Discouraging Legitimate Contract Claims

Here the Court finds that an award of fees in this instance would discourage legitimate contract claims. Plaintiffs brought a claim based on the interpretation of common insurance contract language that no appellate court in the state of Arizona has ever interpreted. Although Plaintiffs did not prevail, they still brought a "just claim" based partly on appellate caselaw from other jurisdictions finding for plaintiffs in similar situations. *See* A.R.S. § 12-341.01(B). The Court finds that granting an award here would discourage other similar just claims.

## III. Conclusion

Overall, the factors do not favor an award of attorney fees under § 12-341.01(A).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Attorney Fees (Doc. 47) is **denied**.

Dated this 19th day of November, 2021.

_____
Honorable Diane J. Humetewa
United States District Judge

- 4 -